IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CR-00380-F-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| PRIELINSO ANDRE CONNER, | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's Motion to Adjust Payment Schedule [DE-87]. Defendant argues that this court erred by failing to impose a specific payment schedule, and he moves the court for an adjusted payment schedule, which would allow him to pay an "appropriate amount" every quarter. According to Defendant, his unit team at FCI-Milan is trying to force him to pay $80.00 per month towards his restitution, yet he earns less than $20.00 per month from his institution job. Defendant argues that it is creating a hardship on his family to continue to send him money to pay the monthly restitution.

In its Judgment, the court ordered Defendant to pay $356,536.00 in restitution to Fort Still National Bank. *See* Judgment [DE-64]. The court further ordered as follows:

> The special assessment imposed shall be due in full immediately. Payment of restitution shall be due in full immediately. However, if the defendant is unable to pay in full immediately, the special assessment and restitution may be paid through the Inmate Financial Responsibility Program. The court, having considered the defendant's financial resources and ability to pay, orders that any balance still owed at the time of release shall be paid in installments of $50 per month to begin 60 days after the defendant's release from prison. At the time of the defendant's release, the probation officer shall take into consideration the defendant's ability to pay the restitution ordered and shall notify the court of any needed modification of the payment schedule.

*Id.*

Defendant is incorrect in his assertion that the court did not impose a specific restitution payment schedule. As noted above, the court did set the amount and timing of the restitution by ordering payment due immediately. Because Defendant's motion challenges the implementation of the restitution portion of his sentence, the undersigned construes the motion as a petition for habeas corpus relief under 28 U.S.C. § 2241. *See United States v. Gripper*, 224 Fed. Appx. 219, 220 (4th Cir. 2007). A § 2241 petition must be brought in the district in which the petitioner is incarcerated. *See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). Defendant is confined in Milan, Michigan.

In light of the foregoing, Defendant's Motion to Adjust Payment Schedule [DE-87] is DENIED without prejudice to Defendant to re-file in the district where he is confined.

SO ORDERED.

This, the 23 day of May, 2013.

James C. Fox
JAMES C. FOX
Senior United States District Judge

2